UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSBC BANK USA, NATIONAL ASSOCIATION,

    Plaintiff,

    v.

THOMAS FORBES, et al.,

    Defendants.

Case No. 15-cv-00026-RS

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR SANCTIONS**

Pursuant to Civil Local Rule 7-1(b), plaintiff's motions to remand this matter to Alameda County Superior court and to impose monetary sanctions are suitable for disposition without oral argument, and the hearing set for March 12, 2015 is vacated. The motion to remand will be granted, but sanctions will not be imposed.

Although the notice of removal is not entirely clear, it appears the removing party, *pro per* defendant Donald Mayes, originally contended removal was available on the basis of a federal question. Mayes, on his own behalf and purportedly on behalf of additional defendants,[1] asserted jurisdiction lay under the Fair Debt Collection Practices Act, and then alleged affirmative claims under that Act and under state law against plaintiff. The existence of federal question jurisdiction,

---

[1] Mayes is the only signatory to the notice of removal. Unless he is an attorney, which he does not purport to be, he may not appear on behalf of others.

however, is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* at 830. Thus, the fact that a federal question may be implicated through matters that could be raised by answer or counterclaim is insufficient. The complaint here is brought solely under California law, without reference to federal law. As such, it does not give rise to a right of removal.

Mayes' opposition to remand effectively concedes removal on federal question grounds is improper, as he instead requests leave to amend the notice of removal to assert diversity of citizenship as its basis. Even assuming the notice could be amended at this juncture, removal on diversity grounds is unavailable to Mayes. There is no dispute that Mayes and other defendants are residents of California. The removal therefore would still contravene the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no-local-defendant rule").

Plaintiff's remand motion invokes the no-local-defendant rule with a supporting citation to *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005). In opposition, Mayes argues that *Lincoln* supports removal jurisdiction here because it held remand had been improperly granted in that instance. The question in *Lincoln*, however, was whether a certain local non-party should have been joined as a co-defendant, thereby destroying removal jurisdiction on diversity grounds. While the court ruled the non-party was not subject to compulsory joinder, the very point of the analysis was that *if* the local entity had to be made party to the action, removal on diversity grounds would have been improper. The court expressly set out the rule: "The scales are not evenly balanced . . . . An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any "part[y] in interest properly joined and served as [a]

1  defendan[t] is a citizen of the State in which [the] action is brought." 546 U.S. at 89-90.

2  Accordingly, there is no basis for removal jurisdiction, and remand must be granted.[2]

3  It is far from clear that Mayes acted in good faith when filing the notice of removal in this action, particularly given that a prior attempt to remove to the Central District had been rejected. Nevertheless, in light of his *pro se* status and all the circumstances, no sanctions will be imposed at this juncture. Mayes is cautioned that any further attempts to remove this action to federal court will expose him to sanctions. This action is hereby remanded to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated:   March 2, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[2] While the issue need not be decided, plaintiff's further argument that the removal was untimely likely also supports remand.